## FOO LONG v. CHU FONG.

*(Supreme Court, General Term, First Department. July 9, 1889.)*

1. TRIAL—INSTRUCTIONS—BURDEN OF PROOF.

In an action for the conversion of money given by plaintiff to defendant, with which to pay for opium, the defense was that defendant gave the money to a man

named J., from whom he received a bill of lading which he supposed to be for the opium, but which turned out to represent only flour. The court charged that the plaintiff had made out a *prima facie* case of conversion, and that the burden was on defendant to make out his defense, and at the request of plaintiff's counsel charged that if the jury were in doubt whether the money was paid over to J. plaintiff was entitled to recover; also, if the jury were in doubt whether the defendant was deceived by J., the plaintiff was entitled to recover. *Held*, that the giving of the last two instructions was error, as it required defendant to make out his case beyond a doubt.

2. SAME.

As these instructions were neither corrected, qualified, nor modified by anything else in the charge, the error was reversible.

Appeal from circuit court, New York county.

Action by Foo Long against Chu Fong for conversion of money. From a judgment entered upon a verdict in favor of the plaintiff defendant appeals.

Argued before VAN BRUNT, P J., and MACOMBER and BARTLETT, JJ.

*Howe & Hummel*, for appellant. *Niles & Falls*, (*Sidney S. Harris*, of counsel,) for respondent.

BARTLETT, J.   This is an action for conversion.   The complaint alleged, and the proof on the trial tended to show, that the plaintiff, for himself and a number of associates, placed in the hands of the defendant the sum of $3,200 to be used in the purchase of opium; that the defendant received this money as the agent of the plaintiff and his associates for the sole and express purpose of paying for the opium therewith when the opium should actually be delivered to him; and that the defendant had neither returned the money nor furnished any opium in place of it.   The defense was that the defendant paid the $3,200 to a man in Newark, named Sam Jones, from whom ·he received a bill of lading which he supposed to be for the opium, but which subsequently turned out to represent only flour.   In charging the jury the learned trial judge instructed them that the plaintiff had made out a *prima facie* case of conversion by undisputed evidence, and that the burden of proof was shifted from the plaintiff to the defendant, who had to make out his defense and satisfy the jury by a fair preponderance of evidence that he had disposed of the money in a way which relieved him from legal liability.   If he failed to do that, the plaintiff was declared to be entitled to a verdict.   The judge was requested by the defendant to charge that "the burden of proof is upon the plaintiff to satisfy the jury by a preponderance of evidence that the defendant converted $3,200 to his own use."   As to this request the court said: "That is quite true as a proposition of law, but you will take it with this statement that, as I have before stated, there is no doubt of the plaintiff having made out a *prima facie* case of conversion."   Subsequently, and at the request of the counsel for the plaintiff, the learned judge charged these two propositions: "*First*. If the jury is finally in doubt whether the money was paid over to Sam Jones, the plaintiff is entitled to recover. *Second*. If the jury is finally in doubt whether the defendant was deceived by Sam Jones, the plaintiff is entitled to recover." To both of these instructions the counsel for the defendant duly excepted.   Both propositions were erroneous.   In charging them the court in effect told the jury that the party upon whom the burden of proof rested was bound to make out his case beyond a doubt.   This is not the rule in any action, civil or criminal.   In criminal cases the law requires the prosecution to satisfy the jury of the guilt of the defendant, not beyond a doubt, but beyond a reasonable doubt; while in civil cases the party upon whom rests the burden of establishing a claim or defense is entitled to prevail if he sustains it by a preponderance of proof.   In *Stearns* v. *Field*, 90 N. Y. 640, the court of appeals declared that the general current of authority requires the triers of fact in civil cases to give a verdict to the party in whose favor the evidence preponderates, although it be not free from doubt. This decision touches the precise point involved in the instructions under

consideration. So, also, does the case of *Indemnity Co.* v. *Gleason*, 78 N. Y. 513, where it was declared that in a civil action the plaintiff is not bound to establish any fact so clearly that it shall be free from doubt. "All that is required of him," said EARL, J., "is that he shall satisfy the jury by a preponderance of evidence, and he is never called upon to free their minds of all doubt." This language applies just as well to the case of a defendant upon whom rests the burden of proof. The respondent invokes the doctrine that isolated portions of a charge to the jury will not be seized hold of for purposes of criticism, and cite authorities to the effect that, if a single instruction be incorrect, the error does not demand a reversal if the charge on the whole states the law correctly. But in the present case the erroneous instructions as to the effect of a doubt with reference to the defense was not corrected, or qualified, or modified, so far as I can discover, by anything else in the charge. The case must have gone to the jury with the distinct understanding on their part that if they entertained any doubt at all in respect to the matters chiefly relied upon by way of defense, it was their duty to find a verdict for the plaintiff. A verdict rendered upon instructions capable of creating such an impression in the minds of a jury ought not to be allowed to stand. In my opinion the judgment should be reversed. New trial granted, with costs to appellant, to abide event. All concur.