ELIZABETH R. BRUYN, Respondent, v. BENJAMIN RUS-
SELL and Another, as Executors of JACOB DE WITT,
Deceased, Appellants.

*Bills and notes — burden of proof — genuineness of a note — comparison of
documents — verdict reviewable on appeal.*

In an action brought to recover upon a promissory note the payee gave no evidence
of the existence of any consideration for the note other than such as appeared by
the words " value received " contained therein. The defendants then recalled a
witness (who had been previously sworn on behalf of the plaintiff), whose testi-
mony, not denied by the payee, was that the plaintiff had stated to him, in sub-
stance, that the note was a gift.
*Held,* that, under this testimony, the plaintiff was not entitled to succeed.
That the burden of proving a consideration, notwithstanding the use of the words
" value received," remained, at all stages of the case, with the plaintiff, and that
a charge to the jury which implied that it was for the defendants to show that
the note was without consideration was erroneous.
Where one of the defenses in an action is forgery, the evidence upon which point
is confined to a comparison of documents, and these documents are produced
before the appellate court, that court is competent to review the verdict of the
jury upon the question as to the genuineness of the note.

APPEAL by the defendants, Benjamin Russell and James B.
Keeler, as executors of Jacob De Witt, deceased, from a judgment,
entered in the clerk's office of Ulster county on the 5th day of
November, 1890, with notice of an intention to bring up for review,
upon such appeal, an order of June 20, 1889, denying their motion
for a new trial, and to set aside the verdict, after a trial before the
court and a jury at the Ulster Circuit.

*George C. Keeler* and *John J. Linson,* for the appellants.

*A. T. Clearwater,* for the respondent.

LEARNED, P. J.:
    This is an action on a note alleged to have been made by Jacob
De Witt, deceased, the testator of defendants. There are two grounds
of defense: First. That the note is a forgery. Second. That if not
a forgery, it is without consideration. The case was tried before a
jury and a verdict was rendered for the plaintiff. A motion to set

aside the verdict was denied. An appeal is taken from the judgment and from the order denying such motion.

The case had been tried once before, and the judgment then entered was reversed by this court. (*Bruyn* v. *Russell*, 52 Hun, 17.) The note is in the ordinary form, payable to plaintiff or bearer three months from date, for $5,000, with interest. It is dated October 29, 1884. The testator died January 17, 1885, a short time, therefore, before the note by its terms became payable. The plaintiff produced the note and gave evidence tending to show that it was in the handwriting of the deceased. She also gave evidence tending to show that the deceased was at her house the day of the date of the note. She gave no evidence of consideration other than the note itself containing the words "for value received." She then rested.

The defendants then gave evidence tending to show that the note was not in the handwriting of the deceased. They also recalled Charles D. Bruyn, who had been called as plaintiff's witness, to prove the genuineness of the note. He testified that he first saw the note about a week before the suit was commenced, or before he was sworn (probably at the first trial); that the plaintiff brought it and some other papers that have since been used in the case with her to the bank of which he was president; that she then stated the circumstances under which the note was given to her. She said that Mr. De Witt had stopped at her house one afternoon and said that he might not see her again, and that he wished her to have $5,000 of his property, and that he did it in that way. He stood at the piano and wrote the note. The witness thought, she said, that Mr. De Witt said it would be the last time she would see him.

After defendants had rested the plaintiff called one Russell as a witness, who testified to a conversation of the deceased, in 1853, in which he expressed a desire to marry the plaintiff. She also called her son, who stated that the deceased visited her the summer and fall prior to his death.

The plaintiff, also, was then sworn as a witness on her own behalf. She did not contradict the testimony of Charles D. Bruyn, abovementioned, but she offered to testify that in her conversation with him

she did not state all of the circumstances under which she received the note. This was excluded as improper under section 829.

The learned justice in charging the jury said that when the holder of a note written for value received produces it in evidence, the legal presumption is that it is given for a good and sufficient consideration. It casts the burden on the party denying that consideration to show that it was without consideration. After stating that the true consideration might be inquired into, the learned justice said : " The law simply presumes, that is all, a consideration, so as to put the burden upon the defendant of showing that it was without any consideration." And, again : " You must find that the presumption, that the legal presumption, that the note was valid, is overcome by the defendant's evidence which he has produced before you." And, again : " It is only sufficient for the defendant to satisfy you from facts and circumstances, or positive testimony, to satisfy you that the note was without consideration to overcome the presumption which the law implies, and the burden which is cast upon him." The defendant's counsel excepted to these statements.

Now, undoubtedly, the learned justice was right in saying that the words for value received were *prima facie* evidence of a consideration. They are on the face of the paper an admission by the maker that he had received a consideration. But let us suppose that there is equally strong evidence on the part of the defense that there was no consideration, then the plaintiff must fail, because the existence of a good consideration is a necessary part of his cause of action. If, then, his evidence is met by other evidence to the contrary, equally strong, that is enough for the defendant. He has not the burden of showing that the note is without consideration. It is enough for him that on the whole evidence the plaintiff fails to show that there was a consideration.

This view is peculiarly important in this case. We have, on the plaintiff's side, the admission by the maker of the note in the note itself of " value received." We have, on the defendant's side, the admission of the plaintiff herself to Mr. Charles D. Bruyn that there was no consideration, and the making of this admission she does not deny when she has the opportunity. Thus we have admission against admission. Further, there is no evidence given of any dealing between the parties of any money loaned, of any property

conveyed, of any undertaking assumed, of any right relinquished. Now, when we consider that, under the circumstances, this was a rather large note, we might reasonably expect that there would be some attainable proof of the transaction, in consideration of which such a large promise was made. We have, in fact, only the bare promise and the plaintiff's admission that it was a gratuity.

Now, on what principle shall it be said that in such circumstances the plaintiff may succeed ? The rule is otherwise. The plaintiff must succeed by the preponderance of evidence on every point to maintain his action. The maker of the note has admitted in the note that he received value ; the payee has admitted on the trial that he did not. Certainly there is no preponderance of evidence in her favor.

This question was considered in *Perley* v. *Perley* (144 Mass., 104). The court said of a note that its production and proof of defendant's signature made a *prima facie* case. "But the burden of proving a consideration still remains upon the plaintiff, notwithstanding this presumption, and, if there is any evidence on this point on behalf of the defendant, the plaintiff must show by a preponderance of the whole evidence that the note was given for a valuable consideration." The court pointed out that, if the defendant sought to meet the note, not by evidence showing want of consideration, but by proving another and distinct proposition, then the burden of proving the latter proposition was on him. For instance, if he attempted to meet the note by proving payment, the burden of that proof would be on him. But, on the other hand, when the defendant disputed the fact of a consideration and produced evidence to show that no consideration existed, then, on that point, the burden remained with the plaintiff on the whole evidence.

This same doctrine is held in *Simpson* v. *Davis* (119 Mass., 269) ; *Delano* v. *Bartlett* (6 Cush., 364), where it was held that the evidence on both sides being applicable to the same issue of consideration, the jury were properly instructed that the burden was throughout on the plaintiff to satisfy them, on the whole evidence, of the consideration of the note. This doctrine is recognized in *Carnright* v. *Gray* (57 Hun, 518) in both the prevailing and dissenting opinions.

The rule is laid down in 1 Daniel on Negotiable Instruments (§ 164), where it is said : "If the whole evidence offered on both

sides leaves it in doubt whether there was a good consideration or not, the plaintiff fails of making out his case and the defendant will be entitled to a verdict."

We have examined the cases cited by the plaintiff on this point, and we do not think that they hold the contrary of this proposition. *Keteltas* v. *Myers* (19 N. Y., 231) and *Underhill* v. *Phillips* (10 Hun, 591) and *Peets* v. *Bratt* (6 Barb., 663) presented questions of pleading. *Foote* v. *Valentine* (48 Hun, 475) held that affirmative proof of consideration was not necessary in the outset, when a note written for value received was given in evidence. *Raubitscheck* v. *Blank* (80 N. Y., 478) held that on the evidence there was no proof of want of consideration. The point was not involved in *Kimball* v. *Huntington* (10 Wend., 679).

The question presented in this case was not passed upon in these cases. General expressions may be found that the words "value received" are, *prima facie*, sufficient, and that the plaintiff may rest on them; the defendant then being permitted to give evidence of a want of consideration. But the point we are considering is where the burden lies on the whole evidence, and we think it lies with the plaintiff.

And on this point it seems to us that the learned justice used language in his charge which would mislead the jury, and which would induce them to think that the defendant must satisfy them that the note was without consideration, while the true rule is that the plaintiff must satisfy them that the note had a good consideration. This view is strengthened by the remarks of the learned justice when the defendant moved for a nonsuit on the ground, among others, that it appeared that the note was without consideration. The learned justice said that there had been no abandonment by the plaintiff of her legal presumption in respect to the consideration of the note by the introduction of any testimony which showed or tended to show what the consideration of it was. This seems to imply that, if the plaintiff had given evidence tending to show the actual consideration, the introduction of such evidence would have been an abandonment of the legal presumption; and hence that the failure to give such evidence made the legal presumption stronger than it would have been if such evidence had been given. This tends to show that the meaning of the charge was that the defendant must have a

preponderance of evidence before the jury could find that there was no consideration. To test this, let us suppose that the plaintiff had herself been called as a witness and had testified to the same circumstances as to the execution of the note which she stated to Mr. Bruyn. Could there have been a recovery? Yet the testimony of Mr. Bruyn, not contradicted by her, is almost as weighty as her own testimony would have been.

When we consider that Mr. Bruyn was the plaintiff's own witness, and that she, therefore, must be held to have believed him to be truthful, and that she does not deny that she made the statement to which he testified, it is difficult to understand how the jury could have found that there was a good consideration, unless they gave to the words "value received" in the note some greater legal effect than they are properly entitled to have. They may have thought that a legal presumption was weightier than the testimony of an honest witness.

When the genuineness of a signature is to be determined, not by the testimony of those who saw it written, or by any such direct evidence, but by the belief of witnesses as to its resemblance to other writings, and by the comparison of other writings, the appellate court, if such other writings are produced before it, is substantially as well able to judge as the jury. Therefore, a case like the present is one in which we feel at liberty to examine freely the matter of the genuineness of the signature.

The testimony of witnesses who had seen the deceased write, and who believed or who did not believe the note to be in his handwriting, is really only their belief or disbelief as to the resemblance of this writing to other writing known to be his. And while a familiarity with handwriting in general may enable one to detect resemblances or differences not noticeable to the ordinary observer, still the testimony is really founded solely on similarity or dissimilarity. And similarity and dissimilarity are things which can be seen by an appellate court.

But it is said, on this point, that the jury have twice held the note to be genuine. As to that it is sufficient to say that the former verdict was based on evidence which was decided to have been inadmissible, and, therefore, that verdict was not reached on competent evidence. And we may say that where the plaintiff is a woman

and the defendants are executors of a deceased old bachelor of good means, and where a glamour of elderly affection is hinted at in the evidence, we need not be surprised if a jury should find a note to be in the handwriting of the deceased, though it were printed on a typewriter.

We have examined the exhibits produced at the trial and now produced before us. They fail to satisfy us of the genuineness of the note. But without passing on that point, we think there was error in the charges above stated. And we also think that the verdict was against the evidence on the question of consideration.

Judgment and order reversed, new trial granted, costs to abide event.

LANDON, J., concurred; MAYHAM, J., concurred in the result.

Judgment and order reversed, new trial granted, costs to abide event.