### GRABOSSKI v. GEWERZ.

*(Common Pleas of New York City and County, General Term.   February 1, 1892.)*

1. ACTION ON NOTE—CONSIDERATION—BURDEN OF PROOF.
   In an action on a promissory note, the execution of which is not denied, the burden is on defendant, impeaching the consideration, to show a want of consideration.

2. SAME—TITLE OF PLAINTIFF—UNINDORSED NOTE PAYABLE TO ORDER.
   On appeal from the district court of the city of New York, where the pleadings are oral, from a judgment for plaintiff in an action on an unindorsed promissory note payable to order, in which the defense was want of consideration, and not a denial of plaintiff's title, an allegation of title in plaintiff will be presumed to have been made; and, the same not having been controverted, the failure of the evidence to show devolution of title to plaintiff is not ground for reversal of a judgment for plaintiff.

3. SAME—DURESS—EVIDENCE.
   A baker, being deserted by his journeymen, applied to a bakers' union for other journeymen, and was refused aid unless he would execute his note to the union for a sum charged by it for its assistance. *Held*, in an action on the note so executed, that it was no duty of the union to supply defendant with journeymen, and that their refusal so to do, except upon an agreement for compensation, did not constitute duress.

4. SAME—CONSIDERATION—EVIDENCE.
   It appeared by defendant's own testimony, in such action, that, at the time of the giving of the note, he was aware of the fact that, as a consideration therefor, he became entitled to procure from the union certain labels issued by it for use in the business of bakers, at prescribed rates. *Held* sufficient to show a consideration for the note.

Appeal from third district court.

Action by Max Grabosski against Lewis Gewerz. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*A. & L. Levy*, for appellant.   *John Fennel*, for respondent.

BISCHOFF, J.   The note in suit was payable "to the order" of Bakers' Union No. 31 of New York; therefore, negotiable. 4 Lawson, Rights, Rem. & Pr. p. 2586, § 1455; 1 Pars. Notes & B. p. 13 *et seq.*   And it imported a consideration. *Turnpike Road* v. *Hurtin*, 9 Johns. 217; *Kinsman* v. *Birdsall*, 2 E. D. Smith, 395. The defenses were limited to want of consideration and procurement of the note by duress, neither of which disputed the making and delivery of the note; and, before the burden of establishing the fact of consideration by a preponderance of the evidence could be imposed upon the plaintiff,—*Bruyn* v. *Russell*, (Sup.) 14 N. Y. Supp. 591,—it was requisite that the defendant should in the first place impeach the presumption of consideration by evidence from which the want of consideration was made to appear, or could be inferred. The trial justice, therefore, properly ruled that the affirmative side of the case was with the defense.

It is urged by counsel for appellant, as ground for reversal, that the evidence fails to show plaintiff's ownership of the note in suit, and that the presumption of title and ownership usually arising from the fact of possession does not apply, since the note was payable by its terms to a person or per-

sons other than the plaintiff, and was not indorsed.    Had the defense, instead
of being affirmative, been a denial, the absence of indorsement would have
required plaintiff to show a devolution of the payee's right to recover upon
him by assignment, oral or in writing; for it has been expressly held by the
court of appeals that mere possession of a note payable to the order of a per-
son other than the holder, and unindorsed, does not entitle the holder to
payment, (*Doubleday* v. *Kress*, 50 N. Y. 410,) and hence not to the main-
tenance of an action to recover thereon.    The pleadings in the court below
having been oral, we cannot from the record determine the precise extent of
the allegations of the complaint; but the institution of suit, and its prosecu-
tion, imply an allegation of title to the note in the plaintiff, and, as it no-
where appears that such an allegation was controverted, we must assume
that it was admitted.    The proceedings upon the trial, as they are presented
to us by the justice's return, are entirely consistent with such an admission.
The absence of the indorsement of the payee, however, had the effect of sub-
jecting the note in the hands of the plaintiff to all the defenses which might
have prevailed between the original parties thereto, (*Bingham* v. *Bank*, 118
N. Y. 349, 23 N. E. Rep. 180;) and so it was proper for the trial justice
to consider them, and to receive evidence thereof.

No other evidence was offered in support of the defenses that the testimony
of the defendant, which, though it had remained wholly uncontradicted, was
subject to discredit, as that of a party in interest.    From this it appeared
that defendant was engaged in business as a baker; that he employed four or
five journeymen; that, on the day of the making and delivery of the note, he
was without help; that he voluntarily applied to the Bakers' Union No. 31
to be supplied with journeymen; that he was informed by the officers or mem-
bers of the union that, unless the note in suit was given, his request would
not be complied with; and that, to obtain the required assistance in his busi-
ness, he gave the note.    Do these facts constitute duress?    As well could it
be urged that any person engaged in the business of supplying servants is
guilty of the same offense if he refuses to make the supply except upon an
agreement for compensation for his services.    If it was intended to prove
that the members of the union had unlawfully conspired to prevent the further
conduct of defendant's business, and to induce journeymen to abstain from
entering his employ, and that the note was given and accepted with the un-
derstanding on both sides that further resistance to the prosecution of de-
fendant's business should thereupon be withdrawn, the facts shown do not
warrant such an inference, and the defendant signally failed in this respect.
It was not an apparent duty of the union to supply defendant with journey-
men bakers, and their refusal to do so except upon an agreement for compen-
sation presents no element of duress.

Upon cross-examination, however, defendant was forced to admit that, at
the time of giving the note in suit, he was aware of the fact that, as a con-
sideration therefor, he became entitled to procure from the union certain la-
bels issued by it for use in the business of bakers, at prescribed rates.    Coun-
sel for the defense did not apparently deem a disclosure of the purport of
these labels necessary, and the trial court was left wholly to conjecture in this
respect.    For the plaintiff, it appeared from his own testimony and that of
a witness, Davis, that defendant voluntarily applied to the union to purchase
its labels, and that the note in suit was exacted and given as the considera-
tion of an agreement on the part of the union thereafter to supply the de-
fendant with the labels upon payment by him of the rates prescribed there-
for, and that he was supplied with such labels upon the further payment of
$10, and furnished with journeymen.    Was not the agreement for the sup-
ply of labels evidence of some consideration for the note?    It will hardly be
seriously contended that it was not.    With the adequacy or inadequacy of the
consideration the court cannot, in the absence of illegality, fraud, or mistake,

have any concern. Of that the contracting party is the better judge; and if he chooses to enter into a contract upon a consideration which at the time he deems sufficiently adequate the courts cannot relieve him, or make a new contract for him, if he subsequently repents of his bargain. We think, not only that the preponderance of the evidence sustained the claim of consideration, but that on the defendant's testimony alone, though it had remained wholly unchallenged, a judgment for plaintiff would have had to be sustained.

Judgment affirmed, with costs.