## BROWN *v.* TAUSICK.

*(City Court of New York, General Term.   October 24, 1892.)*

ACTION ON NOTE—AFFIRMATIVE DEFENSE—RIGHT TO OPEN AND CLOSE.

In an action on a note, where defendant admits the execution of the note, and does not deny any allegation of the complaint, but sets up affirmatively want of consideration, he has the right to open and close.  *Auerbach* v. *Peetsch,* (Com. Pl. N. Y.) 18 N. Y. Supp. 453, followed.

Action by Samuel J. Brown against Barnard Tausick on a promissory note.   Judgment for plaintiff.   Defendant appeals.   Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and MCCARTHY, JJ.

*M. L. Erlanger,* for appellant.   *Herman Fromme,* for respondent.

VAN WYCK, J.   The complaint alleged the making and delivery to plaintiff by defendant of his certain promissory note, the due presentation of the same for payment, and its nonpayment.   The answer specifically admitted the making of the note, and did not deny any of the allegations of the complaint; and under section 522 of the Code they were therefore to be taken as true, and the plaintiff was entitled to recover without any proof, notwithstanding that the answer alleged affirmatively that the note was given without consideration, under an agreement with plaintiff that the same was to be paid only out of the profits of a certain business that had realized no profits.   The defendant claimed the affirmative, and requested the right to open and close to the jury, which, however, was denied him, and to which he duly excepted.   The affirmative and the consequent right to make the closing address to the jury by the defendant was in this case a substantial right, the denial of which entitles him to a reversal of the judgment. That such was his right is clearly shown by the decision of our appellate authority in the *Auerbach Case,* (Com. Pl. N. Y.) 18 N. Y. Supp. 453, in which Chief Justice DALY says: "The right of the affirmative belonged to the defendant, who had affirmatively pleaded nondelivery of the note by him, and want of consideration."   So, too, in *Grabosski* v. *Gewerz,* (Com. Pl. N. Y.) 17 N. Y. Supp. 528, Judge BISCHOFF says: "The defenses were limited to want of consideration and the procurement of the note by duress, neither of which disputed the making and delivery of the note; and, before the burden of establishing the fact of consideration by a preponderance of the evidence could be imposed upon the plaintiff, it was requisite that the defendant should, in the first place, impeach the presumption of consideration by evidence from which the want of consideration was made to appear or could be inferred.   The trial judge, therefore, properly ruled that the affirmative side of the case was with the defense."   At the trial of the case now under consideration the affirmative should have been awarded to the defendant, and the failure to do so was error, which requires that the judgment appealed from be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.