### TAYLOR *v.* KIRKOVER.

(Buffalo Superior Court—General Term, February, 1893.)

In an action for four months' rent tried before a referee, he found that' defendant made an arrangement in the latter part of April with F., plaintiff's agent, to rent the premises from month to month subject to plaintiff's approval, and refused to find that defendant communicated the arrangement to plaintiff or that she assented thereto. The evidence of plaintiffs was to the effect, that in a conversation with her a few weeks prior to May first, defendant's wife had stated that they would like to retain the house at least six months longer; plaintiff said, that she was anxious to sell the house, but that if it was not sold they could stay. She also testified that before the conversation with defendant's wife she had written a letter to O., a former agent, who had refused as defendant testified to let him have the house for six months, in which she stated that defendant's wife had called the day before and said that they would not care to take the house for a year but would do so for six months if she would let them. This letter bore date March nineteenth.

One of plaintiff's daughters testified that the conversation between her mother and defendant's wife took place in the spring; her other daughter, 'that it took place in February or March. *Held*, that a finding of the referee that before May first, a contract of rental was made for six months, was against the weight of evidence, as the testimony showed that plaintiff understood that she had not leased, and defendant understood that he had not rented.

APPEAL from a judgment entered upon the report of a referee. The opinion states the case.

*Geo. T. Bardwell,* for plaintiff (respondent).

*John Cunneen,* for defendant (appellant).

HATCH, J. The complaint herein, alleged that the plaintiff, prior to May 1, 1890, leased to the defendant certain premises, specifying them, for the term of six months from said May first, for and at the agreed price of $100 a month, payable on the first day of each month; that defendant took possession of and occupied said premises under this agreement, and has made default in payment for four months, whereby there became due and owing to plaintiff the sum of $400, with interest thereon from the several dates when payment fell due, for which sum, with interest, plaintiff demanded judgment. The answer is a specific denial of the complaint. Upon the trial, plaintiff gave evidence, which she now claims is sufficient to uphold a recovery under the allegations of the complaint. Upon a submission of the case, the referee found the agreement as alleged in the complaint, and ordered judgment for plaintiff, based thereon. At the close of the proof, plaintiff moved to amend her complaint, as stated, " to conform to proof, so that if the court finds that no agreement was made for the renting, either for six months or from month to month, the complaint shall allege a renting for a year from May 1, 1890."

This motion was denied, and the case disposed of, upon the theory of an agreement for a term of six months, and entry thereunder, as alleged in the complaint, and default made in payment. The plaintiff having tendered this issue, and the referee having ruled that there was none other in the case, this appeal is to be disposed of upon such theory, and none other. *Nealon* v. *Grand Trunk Railway,* 5 N. Y. St. Repr. 256; *McKecknie* v. *Ward,* 58 N. Y. 546; *Vail* v. *Long Island R. Co.,* 106 id. 283.

While it is true that it appears from the testimony, that defendant was in the prior occupation of the premises, under a written lease, yet it is equally true that when the written lease was offered in evidence, the defendant objected, upon

the ground that it was irrelevant. The fact that the referee overruled the objection, and received the lease in evidence, cannot now be made the basis to uphold a recovery for rent, based upon a holding-over after the expiration of the term. First, for the reason that the complaint and referee's finding excludes any theory of holding-over after the expiration of the term; and second, the evidence was entirely irrelevant for that purpose. It was doubtless competent, as showing the relation of the parties, and the referee's findings show it to have been limited to that purpose, otherwise it would have been error to receive it, as it was not within the issue. This, therefore, removes from our consideration much of the argument of respondent's counsel, and leaves the disposition of this case to stand or fall, based upon a consideration of the testimony which furnished the ground of the finding.

It is barely possible, by indulging in some presumptions of doubtful propriety, to spell out enough from plaintiff's testimony to say that a contract of rental for six months was made. It is not essential, however, to pass upon this question in the view we take of the testimony. The burden of proof was upon plaintiff to establish, by a satisfactory preponderance of evidence and circumstances, a contract of rental as alleged in the complaint. Her proof upon that subject is found in the testimony of herself and two daughters, Mrs. Cornwell and Mrs. Bartlett, and is to this effect: That defendant was in the occupation of the premises at the time of the claimed contract, and had been for two years prior thereto. Plaintiff testified that she first proposed that defendant should continue in possession for another year; this was not accepted. A few weeks prior to May 1, 1890, defendant's wife called upon plaintiff and said: "They would like to retain the house for at least six months, and perhaps longer; that they would be away most of the summer, but that they would prefer keeping their furniture there. * * * I said to her that I was very anxious to sell the house, but that if it was not sold they could stay, and I would be very glad to have them." Mrs. Cornwell testified that she was present, in the spring of 1890, when Mrs.

Kirkover called; was in an adjoining room and heard the conversation. Mrs. Kirkover said "she wanted the house for six months anyway, and perhaps longer. She said nothing about going away, but that is all I remember. I do not know what my mother said." Martha Bartlett testified that she was with her sister. Mrs. Kirkover said she came to see if "Mrs. Taylor would rent the house for six months longer. My mother said that if she did not sell it she would rent it for six months longer. Mrs. Kirkover said she would take it. I heard all of the conversation." On cross-examination, witness stated: "My mother did say that if she could not sell the house she would rent it. I can't remember whether or not my mother said she was very anxious to sell the house. I think she did say so, and that she would rent it if she did not sell." Witness was positive this conversation was in February or March.

Respondent makes no claim that there is further testimony to support the contract than such as is herein referred to.

Upon the part of defendant it was testified by Mrs. Kirkover that she was sent by the defendant, in February, 1890, to rent the house for six months from the first day of May, and wanted a definite answer at the time, and if plaintiff gave a favorable answer, to rent it; that in pursuance of it she called upon plaintiff, and told her she was sent by her husband "to see if she would let us have the house for six months, and if she would give us the answer then, that we would take it; Mrs. Taylor said that if she rented to anybody that she would be very glad to let us have it; that she did not wish to rent it for that length of time, as she preferred selling it." On cross-examination witness said: "I will not say that Mrs. Taylor did not say that if she did not sell she would be glad to have us stay." This witness informed defendant that plaintiff would not rent for six months.

William E. Otto, one of a firm of real estate dealers, who was employed by plaintiff at this time to rent the premises, testified that in the spring of 1890, he called upon plaintiff and that she informed him that she had seen defendant; that he did

not wish to rent for a year; that witness then advised her not to rent for less than a year at that time, and that she then decided not to rent it for less than a year; that on the first of May, if not then rented, it might do to rent it for less than a a year than not at all. A sign "For Rent" was upon the premises at this time. Nothing was then said by plaintiff that she had rented to defendant. There was also a letter written by plaintiff to the witness' firm, bearing date March 19, 1890, introduced in evidence, in which plaintiff stated "that Mrs. Kirkover called here yesterday and said they would not care to take the house for a year, but would do so for six months, if I would let them. This would leave it without a tenant in the time of the year when it is least likely to rent. I heard of a party who wants a house in this vicinity for a term of years, and it may be our house might suit them. I shall know more about it in a day or two. In the meantime I trust you will do what you can to rent it." This letter was written in answer to a letter written by the agents the day before informing plaintiff that no reply had been received from Mr. Kirkover in answer to a letter written by them.

Defendant testified that he sent his wife to rent the house last of February, 1890, and corroborates his wife's testimony as to the directions he gave and the information he received from her; that he thereafter saw Otto, and informed him that he would not rent it for a year, and Otto refused to let him have it for six months. Shortly after this, the property was taken out of the hands of the Ottos and given to one Ferguson for sale; defendant saw him and offered to take the house by the month, each to give the other thirty days' notice to quit. Ferguson desired defendant to see plaintiff, and he did so, informing her of the arrangement; that she replied that any arrangement made with Ferguson was satisfactory to her; that he continued to occupy the premises under this arrangement, gave the thirty days' notice to quit, and moved out, paying rent to July first, and caused the keys of the house to be sent to plaintiff. Julius H. Haffner testified that he was employed by Ferguson as bookkeeper, etc.; that it was his

recollection that plaintiff brought the keys to the office; that they had been since used to go through the house, and that Ferguson gave to plaintiff defendant's check for rent. Robert Ferguson testified that he talked with plaintiff about selling her property, also renting it; she informed him that Mrs. Kirkover and herself had been talking for some time about renting the house, but she was more interested in selling it, and said she had not rented it. This was in March; but that she had a talk with Mrs. Kirkover after. That he talked with defendant about renting the house, and also about quitting.

This constituted substantially defendant's testimony. Plaintiff denied that she ever authorized Ferguson to rent, but employed him to sell. She also denies that defendant told her of the arrangement with Ferguson, or that she assented to it, but admits having a conversation with him in which he stated he would move out on thirty days' notice if sold, and was unable to recall all the conversation. She also testified that the letter written to Otto was written before the conversation with Mrs. Kirkover, but admits that she told the latter that Otto had advised her not to rent for six months. The referee found that defendant made the arrangement with Ferguson to rent the premises from month to month in the latter part of April, 1890, subject to the approval of plaintiff, and refused to find that defendant communicated the arrangement to plaintiff, or that she assented thereto. He then found, that before the 1st day of May, 1890, a contract of rental was made for six months. I am of opinion that the latter finding is against the weight of testimony given upon the trial. It is quite clear that there was but one conversation had between plaintiff and defendant's wife, as the plaintiff only testified to one conversation, and in that she is corroborated by her daughters. It, therefore, becomes important to see when that took place. Plaintiff says it was a few weeks prior to May first, and in her letter that it was March eighteen. Mrs. Cornwell says that it was in the spring of 1890, and Mrs. Bartlett places it in February or March. This certainly was when the contract was made, if made at all. Defendant's testimony is to the

effect that this interview took place last of February. There is no room in this testimony to find that more than one conversation was had, and as I view the testimony, the date of that, is fixed prior to March nineteenth. It was upon that date, that plaintiff wrote the letter to Otto. She had then conversed with Mrs. Kirkover the day before, for she says so. This date corresponds with her oral testimony, is almost identical with that of Mrs. Bartlett and is in substantial harmony with the statement of defendant and his wife. The date of the interview thus being fixed, by almost undisputed testimony, what is the conclusion that then rested in the mind of the plaintiff? Clearly that she had not rented the premises, for she then states that she had failed to agree with Mrs. Kirkover, was seeking another party and called upon Otto to rent it. If her written declaration stood alone, in connection with the other circumstances, it would be sufficient to my mind to show that no contract was made, but in addition to this is the testimony of Otto that she orally informed him that she had not rented it and determined not to for less than a year. And sometime after, when she had taken the property out of the hands of Otto, she informed Ferguson that she had not rented it, and this was certainly sometime after the interview with Mrs. Kirkover. Under such circumstances the declaration of plaintiff that the interview was after the letter was written, is not of sufficient force to overcome it. She must have been clearly mistaken in that regard, for therein she contradicts every witness who was sworn upon that subject, as well as the circumstances, and her own letter. The findings of the referee in this light show a strange incongruity, as he first found that defendant made his arrangement with Ferguson the last part of April, 1890, and then before the first of May rented for the six months. We may infer that what rested in the mind of the referee was that defendant arranged with Ferguson, but that such arrangement was not ratified by plaintiff, and that thereafter he made the contract for six months. But as we have already seen, the contract, if it was made, must have been some weeks prior to the last of April,

upon practically undisputed testimony. The first finding is, however, important, as it shows that defendant understood he had not then rented, and the testimony shows that plaintiff understood she had not leased. Under these circumstances I am unable to see how the finding of a contract can be supported. Where the evidence fails to establish the cause of action or the finding is against the weight of the testimony, it should be set aside. I am of opinion the rule must be applied here. *Browne* v. *Berger*, 14 N. Y. St. Repr. 60; *Bruyn* v. *Russell*, 33 id. 50; *Long* v. *Fong*, 25 id. 28; *Stillwell* v. *Mutual Life Ins. Co.*, 72 N. Y. 388.

The judgment appealed from is reversed and a new trial ordered before another referee, with costs to abide the event.

WHITE, J., concurs.

Judgment reversed, new trial granted, costs to abide event.