HOWLAND v. BATES et al.

(Common Pleas of New York City and County, General Term. March 15, 1893.)

ACTION ON NOTE—DIRECTING VERDICT.

 In an action on a note made by defendants to their own order, and indorsed by them in blank, and in plaintiff's possession, there was positive testimony that the consideration for it was paid by plaintiff. Defendants set up as a defense that the title thereto was in another person, but such person appeared and disclaimed all interest therein. *Held*, that the court properly directed a verdict for plaintiff.

Appeal from city court, general term.

Action by Louis M. Howland against De Witt C. Bates and Wells H. Bates on a note executed by defendants to their own order, and indorsed in blank. From a judgment of the general term of the city court (20 N. Y. Supp. 373) affirming judgment on a verdict directed by the court, and an order denying a new trial, defendants appeal. Affirmed.

Argued before BISCHOFF and PRYOR, JJ.

Thomas H. Wagstaff, Jr., for appellants.
Olin, Rives & Montgomery, for respondent.

PRYOR, J. At the close of the evidence each party requested a decision by the court in his favor, and neither asked the submission of any issue of fact to the jury. Thereupon the court directed a verdict for the plaintiff. The only inquiry, therefore, upon the appeal is whether the evidence in favor of the plaintiff be sufficient

to sustain the verdict.    Dillon v. Cockroft, 90 N. Y. 649; Provost v. McEncroe, 102 N. Y. 650, 5 N. E. Rep. 795; Daly v. Wise, 132 N. Y. 306, 309, 30 N. E. Rep. 837.    The question upon which the event of the litigation turned was whether the plaintiff was the owner of the note in action.    It was made by the defendants to their own order, and by them indorsed in blank.    The possession of the note, and its production by the plaintiff, afforded a presumption of his ownership, (Grabosski v. Gewerz, [Com. Pl. N. Y.] 17 N. Y. Supp. 528;) and this prima facie title was supported by positive testimony that the consideration for it was paid by himself.    On the contrary, the defendants gave evidence that it was the property of the International Manufacturing Company; but the receiver of that corporation appeared, and disclaimed all interest in the note.    Obviously the direction of the court is securely upheld by the evidence.    The appeal is altogether without merit.    Judgment affirmed, with costs.