# Cases

---

ELIZUR V. FOOTE, Respondent, v. SARAH M. VALEN-
TINE, Administratrix of the Goods, etc., of GEORGE W.
VALENTINE, Deceased, Appellant.

*Action upon a promissory note against the administrator of a deceased maker — it is
not necessary to prove a promise to pay it by the decedent or a consideration — mode
of reviewing an order setting aside a referee's report.*

In this proceeding, instituted to recover the amount of a promissory note made by
the defendant's intestate, the claim was referred, under the statute, to a referee,
who reported in favor of the defendant upon the theory that it was incumbent
upon the plaintiff, in addition to the production of the note in evidence, to estab-
lish, in the first instance, some promise or agreement upon the part of the
decedant to pay the note, and to prove that a consideration had been given
therefor, or that there was some indebtedness between the decedent and the
plaintiff for which the note was given:
*Held,* that such report was properly set aside.
That it was proper practice to bring the evidence before the court upon a case
made, and a motion to set aside the report based upon such case.
That, although upon an appeal from an order confirming the report the question
might have been raised, it was not incumbent upon the plaintiff to bring such
question to the General Term simply upon the judgment-roll.

APPEAL from an order, made at the New York Special Term,
upon a case made, setting aside the report of a referee in favor of
the defendant, to whom a claim made by the plaintiff against the
estate represented by the defendant had been referred under the
statute, and granting a new trial and canceling of record the judg-
ment entered upon the report.

*S. Jones,* for the appellant.

*S. H. Thayer,* for the respondent.

VAN BRUNT, P. J.:

In the consideration of the questions raised upon this appeal, it is not at all necessary to consider, in detail, the facts presented by the record. Unless the findings of fact of the referee support his conclusions of law, the judgment thereupon rendered cannot be sustained. Although, upon the argument, a considerable portion of time was devoted by the appellant to the discussion of questions of fact tending to support findings of fact not included in the referee's report, we do not think we can examine the evidence for the purpose of making new findings upon this appeal. The claim presented by the plaintiff was upon a promissory note produced by him, made by the decedent. The presumption arising upon the production of this note necessarily was, that the sum of money therein mentioned was due by the decedent to the payee in the note mentioned. It was an acknowledgment of indebtedness, and a promise to pay. The defenses to that note were necessarily affirmative in character, and it was incumbent upon the defendant, in order to establish such defenses, to do so by competent proof, showing either that the note never had any consideration, or that it had been paid, or that the consideration had failed, or some defense of this affirmative character. If, upon the evidence in this case, the referee had found, as a matter of fact, that the note had been paid, or that it had no consideration, perhaps, upon appeal to this General Term, that finding might have been sustained. But his report is conspicuous by the absence of any finding upon this subject. Upon the contrary, he seems to have proceeded upon the theory that it was incumbent upon the plaintiff, in addition to the note, to establish, in the first instance, some promise or agreement upon the part of the decedent to pay the note, and that it was also necessary that the plaintiff should establish, in the first instance, that a consideration had been given for the note, or that there was some indebtedness betweeen the decedent and himself, for which the note was given.

In this the learned referee was clearly in error, because, by the production of the note, all those circumstances were affirmatively established in the absence of proof showing a different condition of

PEOPLE ex rel. THIRD AVE. R. R. CO. v. NEWTON. 477

First Department, May Term, 1888.

affairs. The referee has made no finding upon any such proof. He has simply based his conclusions upon the failure of the plaintiff to prove facts in addition to the production of the note. If this rule was to prevail, then the possession of commercial paper by a payee would never be any evidence of indebtedness. We think that the order setting aside the report was properly made.

An additional point was made that Mr. Justice Beach could not. properly entertain the motion. We think that the proper practice. was pursued. Although, upon an appeal from an order confirming a report, the question upon which this appeal is decided might have. been raised, yet it was not incumbent upon the plaintiff to bring the questions involved in this appeal up to the General Term simply upon what might be termed the judgment-roll. The only method in which he could get the evidence before the court was upon a case made, and a motion to set aside the report upon such case made.

The order should be affirmed, with costs.

Brady and Bartlett, JJ., concurred.

Order affirmed, with costs.