HARRIET STEELE

*v.*

THE VILLAGE OF RIVER FOREST.

*Filed at Ottawa May 12, 1892.*

1. CONSTRUCTION OF STATUTES—*reference, after amendment.* By the amendment of 1887, section 19 of article 9 of the act of 1872, relating to cities and villages, is in effect stricken from that act and the amendment of 1887 inserted in the original act in lieu of the same; and an ordinance for a public improvement requiring the proceeding to conform to said section 19, will be held to mean under that section as amended.

2. CONSTRUCTION OF WORDS—*determined by context.* An ordinance for the construction of a drain in a street provided for the starting point, and that the drain should fall uniformly two-tenths of a foot in every one hundred feet in its length, which would require the water to run up hill. It was evident from other sections, and from the plans and profiles, that the word *rise* was intended instead of the word *fall*: *Held*, that the use of the word "fall" should be construed to mean "rise," in order to prevent an absurd consequence.

3. SPECIAL ASSESSMENT—*ordinance—character and location of the improvement, how described.* Since the amendment of section 19 of article 9 of the act relating to cities and villages, in 1887, an ordinance may specify the nature, character and locality of the improvement in the ordinance itself, or by reference to maps, plats, plans, profiles or specifications.

4. Where, from the entire ordinance, the starting point of a drain can be fixed and its depth at that place ascertained, the ordinance will not be void for uncertainty.

5. SAME—*ordinance for drain, with man-holes—whether defective.* The fact that an ordinance for the construction of a drain provides for man-holes, will not render it defective on the ground that the object is a double one.

APPEAL from the County Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

This is an appeal from a judgment of the county court of Cook county, confirming a special assessment levied for the purpose of paying the cost of a drain to be constructed on Thatcher avenue, in the village of River Forest, in the county of Cook. The appellant's property was assessed $1150.50. It is not claimed that the assessment exceeds the benefits, but the objection to the assessment is predicated on the supposed insufficiency of the ordinance which was the foundation of the proceeding. Sections 1 and 2 of the ordinance are as follows:

"Section 1. That a drain be constructed in the center of Thatcher avenue, from the north gutter line of Madison street aforesaid, to a point fifty feet south of the south line of the right of way of the Chicago and Northwestern Railway Company, said drain to be constructed as follows: From the man-hole now constructed on the line of the Madison street

pipe drain, to the south line of Elm street, said drain to be constructed of a vitrified sewer pipe twelve (12) inches in diameter; and from the south line of Elm street aforesaid, to a point fifty feet south of the south line of the right of way of the Chicago and Northwestern railway, said drain shall be constructed of a vitrified sewer pipe nine (9) inches in diameter. All trenches for said drain shall be excavated in such direction as by this ordinance required, and to the depth necessary to the grades in this ordinance mentioned, and of a width sufficient to permit of the pipes being laid in a stable and workmanlike manner, and after said drain is laid such trenches shall be filled with the earth excavated from said trenches.

"Sec. 2. The bottom of said drain at its junction with the pipe drain on Madison street shall be laid eight (8) and $\frac{6}{10}$ feet above the village datum, and the grade of such drain shall fall uniformly from that point ($\frac{2}{10}$) two-tenths of one (1) foot in every hundred feet of its length. Six inch junctions shall be placed in said drain pipe for house connections on both sides of said drain pipe, as shown in plan and profile, which plan and profile is herewith made a part and parcel of this ordinance, and placed on file in the office of the clerk of the village of River Forest, aforesaid. All of said drain pipes for entire length of said drain shall be laid with tight joints, in hydraulic cement of a quality equal to the best Akron cement. The ends of junctions for house drainage shall be closed with common brick. Said brick shall not be put in the pipe, but against the end of junction pipe, so as to close same."

Section 2 also provides for ten man-holes, located as shown in profile, giving full and specific description of size, character and material of which they should be constructed. This section also provides for fourteen catch-basins, located as shown in plan and profile, with full description of character and construction of same. Section 3 specifies character of sewer pipe and brick to be used in the improvement. Section 4 is as follows:

"Sec. 4. That said improvement shall be made and the cost thereof paid for by a special assessment, to be levied upon the property benefited thereby, to the amount that the same may be legally assessed therefor, and the remainder of such cost to be paid by general taxation, in accordance with article nine (9) of an act of the General Assembly of the State of Illinois, entitled 'An act to provide for the incorporation of cities and villages,' approved the 10th day of April, A. D. 1872."

Mr. J. W. WAUGHOP, for the appellant.

Mr. F. J. GRIFFEN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Section 19 of article 9 of the statute, as originally enacted, required the ordinance to specify the nature, character and locality of the improvement, and in *City of Sterling* v. *Galt*, 117 Ill. 20, it was held that an ordinance which referred to the specifications on file in the city clerk's office, as showing the nature and character of the improvement, was not a compliance with the statute. Under this decision it is claimed that the ordinance itself must specify the nature and character of the improvement, and that a reference to the plan and profile, contained in section 2 of the ordinance, did not cure any defect in the ordinance in that regard. Had not the legislature changed the statute, the position of counsel would be unanswerable; but on June 17, 1887, the legislature amended section 19, and by the amendment provided: "Whenever such local improvements are to be made by special assessment, the city council shall pass an ordinance to that effect, specifying the nature, character, locality and description of such improvement, either by setting forth the same in the ordinance itself, or by reference to maps, plats, plans, profiles or specifications on file in the office of the proper clerk, or both."

20—141 ILL.

(Laws of 1887, p. 108.) Under this amendment we held in Pearce v. *Village of Hyde Park*, 126 Ill. 287, and other cases, that a reference to the plan and profile on file in the office of the village clerk was a compliance with the statute.

But it is said, as section 4 of the ordinance provides that the improvement shall be made in accordance with an act to provide for the incorporation of cities and villages, approved the 10th day of April, 1872, the ordinance must conform to the act as originally passed, and not to the act as amended. This position is not tenable. By the amendment of 1887 section 19 of the original act is, in effect, stricken from that act; and the amendment of 1887 is inserted in the original act in lieu of the original section 19. No necessity existed for a clause in the ordinance declaring that the improvement would be made in accordance with article 9 as amended, as that was implied. The declaration that the improvement would be made in accordance with the act entitled "An act to provide for the incorporation of cities and villages," approved the 10th day of April, 1872, was but a declaration that the improvement would be made according to the act as it existed when the ordinance passed.

It will be observed that section 2 of the ordinance provides that "the bottom of said drain, at its junction with the pipe drain on Madison street, shall be laid eight (8) and $\frac{6}{10}$ feet above the village datum, and the grade of such drain shall fall uniformly from that point ($\frac{2}{10}$) two-tenths of one (1) foot in every hundred feet of its length." As the point indicated on Madison street was the outlet of the drain, if the grade from that point should fall as declared in the ordinance, the water in the drain would have to run up hill. This defect in the ordinance is urged against the judgment of confirmation. It is apparent from the other sections of the ordinance, and from the plan and profile of the improvement, that the use of the word "fall" in the ordinance was a clerical mistake, and that it was inserted by mistake for the word "rise." If the word

"fall" is to be given its ordinary meaning in the construction of the ordinance, it is plain that such a construction would lead to an absurd consequence. When such will be the result, as was held in *Perry County* v. *Jefferson County*, 94 Ill. 215, there is sufficient authority to depart from the words of the statute. We think this case falls clearly within the rule indicated.

As has been observed, section 2 of the ordinance provides that the bottom of the drain, at its junction with the pipe drain on Madison street, shall be laid eight and six-tenths feet above the village datum. There is nothing in the ordinance or the evidence to prove what point was intended by the words "village datum," and hence it is contended that the ordinance is defective, because there is no starting point for the sewer, and hence nothing to show how deep or shallow it shall be. There is much force in the position of counsel on this point. It is plain if the starting point of the drain is not given, its depth could not be determined, and no intelligent bid could be made for the work. But we are inclined to hold that another section of the ordinance fixes the starting point with reasonable certainty, and hence the difficulty is removed. Upon this point section 1 of the ordinance declares: "Said drain to be constructed from the man-hole now constructed on the line of the Madison street pipe drain, to the south line of Elm street, * * * and from the south line of Elm street aforesaid, to a point fifty feet south of the south line of the right of way of the Chicago and Northwestern railway." From this provision of the ordinance, as the Madison street pipe drain is a known point, the starting point seems to be made reasonably certain, and we are inclined to hold it is sufficient.

The fact that the ordinance provides for man-holes does not, in our opinion, render the ordinance defective on the ground, as contended, that the object is a double one.

The judgment will be affirmed.

*Judgment affirmed.*