ALFRED B. McCHESNEY

v.

THE CITY OF CHICAGO.

*Opinion filed April 21, 1898.*

1. SPECIAL ASSESSMENTS—*ordinance must be viewed as a whole.* A special assessment ordinance must be viewed as a whole, and one part may be referred to for the purpose of explaining another.

2. SAME—*omission in ordinance not fatal if it may be supplied by reasonable intendment.* A section of an ordinance providing that a sidewalk be constructed "on both sides of Sixty-fifth......, from," etc., is not void for uncertainty where another section requires the sidewalk to be laid to conform to the established grade of "said street," and the ordinance is entitled "An ordinance for sidewalk on both sides of Sixty-fifth street," etc.

3. COURTS—*court will take judicial notice of abbreviations used in describing property.* A description of property in the commissioners' estimate of the cost of the improvement as lying in "Sec. 23, 38, 14," is not uncertain in that regard, as the courts will take judicial notice that the figures "38" and "14," as so used, refer, respectively, to township and range.

4. EVIDENCE—*parol evidence is admissible to explain abbreviations.* Where property is described as lying in "Sec. 23, 38, 14," parol evidence is admissible to show that such description has a well-defined meaning among surveyors.

APPEAL from the County Court of Cook county; the Hon. RICHARD YATES, Judge, presiding.

DAVID G. ROBERTSON, for appellant.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of the county court, confirming a special assessment. The special assessment was for the construction of a cement sidewalk on both sides of Sixty-fifth street from Cottage Grove avenue to

Drexel avenue in the city of Chicago. The appellant appealed and filed a number of objections, all of which were overruled, except that one objection was so far sustained as to result in a reduction of the assessment from ninety-six cents to seventy-five cents per front foot. Exception was taken to the action of the court in overruling the objections.

*First*—It is said that the ordinance is invalid, as not sufficiently specifying the locality of the improvement, because the first section thereof ordains "that a sidewalk six feet in width be constructed on both sides of Sixty-fifth......, from Cottage Grove avenue to Drexel avenue, adjoining the lot line." It is said that the omission after the word, "Sixty-fifth," leaves it uncertain what is meant,—whether the meaning is "Sixty-fifth street," or "Sixty-fifth place," or "Sixty-fifth court." We think it manifest that the word omitted is "street." The ordinance must be viewed as a whole, and one part or section of it may be referred to for the purpose of explaining another part or section. (*Steele* v. *Village of River Forest*, 141 Ill. 302). In the latter part of the first section of the ordinance, after specifying how the sidewalk is to be constructed, the following words are used: "The said sidewalk is to be laid to conform to the established grade of said street," etc. The words, "said street," evidently refer back to the Sixty-fifth........, along both sides of which the sidewalk is to be constructed, showing that the word omitted was the word "street." Moreover, the ordinance is entitled "An ordinance for sidewalk on both sides of Sixty-fifth street," etc. The meaning of the omission in the ordinance is so plain, that we cannot regard the action of the court, in overruling the objection as to the insufficiency of the locality therein specified, as being erroneous.

*Second*—The estimate of the cost of the improvement, as made by the commissioners, is objected to because it shows the same omission after the word "Sixty-fifth," as occurs in the ordinance. Inasmuch, however, as the

report of the commissioners, presenting their estimate, recites the ordinance, the omission explains itself in the same manner as it is explained by the terms of the ordinance already set forth. The objection, therefore, is without force.

It is furthermore contended that the estimate of the cost is void upon the alleged ground that it does not show that appellant has not constructed the sidewalk along his property according to the provisions of section 1 of the ordinance. This contention is without merit, because the estimate does show what it is claimed that it does not show. Section 1 of the ordinance contained a proviso that the owner of any lot fronting on the sidewalk should be allowed fifteen days after the taking effect of the ordinance, in which to construct the sidewalk opposite his land, and thereby relieve the same from assessment, the work to be done under the superintendence of the department of public works. The estimate, after reciting that the commissioners were appointed to make an estimate of the cost of so much of the improvement as shall not have been made by said owners within the time aforesaid, contains the following statement: "and the sidewalk in front of the lots　*　*　*　described as follows, to-wit:" (here follows description of appellant's lots), "not having been constructed, we submit herewith our estimate of the cost of so much of said contemplated improvement as has not been made by the owners," etc.

It is claimed that the description of appellant's property in the report of the commissioners, giving an estimate of the cost of the improvement, is defective upon the alleged ground that the portion of the description, reading as follows, "Sec. 23, 38, 14," is indefinite and uncertain. It is said that it cannot be told what the figures "38, 14," mean or refer to. There can be no doubt that the abbreviation "Sec." means "section," so that the reference here is to section 23. (*Hill* v. *Blackwelder*, 113 Ill. 283; *Bowen* v. *Prout*, 52 id. 354; *Blakeley* v. *Bestor*, 13 id. 708;

*Law* v. *People,* 80 id. 268; *Jackson* v. *Cummings,* 15 id. 449; *Taylor* v. *Wright,* 121 id. 455). This being so, the figures, which follow the designation of the section, clearly refer to the township and range, as if the word "township" was inserted before "38" and the word, "range," before "14." (*Atkins* v. *Hinman,* 2 Gilm. 437). The court will take judicial notice of the meaning of such abbreviations as are here used, but if this were not so, parol evidence is admissible to explain their meaning. (*Paris* v. *Lewis,* 85 Ill. 597; 1 Am. & Eng. Ency. of Law,—2d ed.—pp. 99, 100). Such parol evidence was here introduced. A surveyor, put on the stand as a witness, was asked the question: "Does the phrase 'Sec. 23, 38, 14' have any well-defined meaning among surveyors?" and answered as follows: "Surveyors understand that 'Sec.' means 'section;' that by the '38' is meant township, and '14' for the range."

The same observations already made apply to, and explain the meaning of, the abbreviations used to describe the subdivision lying in said section 23. The description gives the numbers of the lots and the number of the block in appellant's subdivision of a certain five acres, which can be easily located within the section.

It is conceded by the appellant that in the assessment roll his property is fully and accurately described, and described without any abbreviations. Nor is it claimed that appellant built any sidewalk within the fifteen days specified in the ordinance. The right property was assessed and by the right description. It cannot be said, therefore, that appellant has been injured in any way by any misdescription.

The judgment of the county court is affirmed.

*Judgment affirmed.*