[S. F. No. 5296. Department One.—April 27, 1910.]

## P. A. STANTON, Appellant, v. W. J. HOTCHKISS, Respondent.

ACTION TO QUIET TITLE—ADVERSE CLAIM UNDER TAX-DEEDS FROM STATE—STIPULATED FACTS—RESULT DEPENDENT UPON VALIDITY.—In an action to quiet title to land in Fresno County, being the northwest quarter of section 23, township 16 south, range 15 east, Mt. Diablo base and meridian, where the adverse claim of the defendant was derived under two tax-deeds from the state, one to the west half of said quarter section and the other to the east half thereof, and it was stipulated that plaintiff was the owner of said property except so far as it was divested by said tax-deeds, and the sole evidence consisted of such stipulation and the tax-deeds, the result of the action is dependent upon their validity and effect.

ID.—TAX-DEEDS AS PRIMARY EVIDENCE.—If the tax-deeds are valid, they constituted primary evidence, under section 3786 of the Political Code, of the regularity of the assessment upon which they were founded, equalization as required by law, levy of tax in accordance with law, non-payment of tax, non-redemption from such sales and that the person who executed the deed was the proper officer.

ID.—DEEDS AS CONCLUSIVE EVIDENCE—ABSOLUTE TITLE.—Under section 3787 of the Political Code the tax-deeds are conclusive evidence of the regularity of all other proceedings, and conveyed to the state the absolute title to the property described therein.

ID.—SUFFICIENCY OF DESCRIPTION OF LAND IN TAX-DEEDS.—The description of the land in such tax-deed as "lying and being within said county of Fresno," etc., and in one tax-deed as "E. 2 of N. W. 4 of sec. 23, twp. 16 S. R. 15 E.," and in the other as "W. ½ of N. W. ¼ of Sec. 23-16-15," is sufficiently certain and definite.

ID.—JUDICIAL NOTICE—GOVERNMENT SURVEYS—MEANING OF ABBREVIATIONS.—Our courts take judicial notice of government surveys of public lands, that all townships in Fresno County are south, and all ranges east of Mt. Diablo base and meridian; that the abbreviations used in the description in the deeds are customary, and that "sec. 23-16-15" is intended to import that the section lies in township 16 south and range 15 east, in Fresno County.

ID.—MISTAKE OF ONE DAY IN CERTIFICATES OF SALE AS TO TIME FOR DEED—LAST DAY FOR REDEMPTION—CURATIVE ACT—A mistake of one day in certificates of sale as to the time for a deed, by stating last day for redemption, is cured by the curative act of 1903 (Stats. 1903, p. 63). The recitals in the deeds made subsequent to the curative act were correct.

ID.—CORRECT RECITALS AS TO DELINQUENT TAXES.—*Held,* that there was no erroneous recital in the deeds regarding the non-payment of taxes; but that both deeds sufficiently recites the property was sold for delinquent taxes.

ID.—COMPLIANCE WITH LAW AS TO TIME FOR TAX-SALE. — Tax-sales made in each case fully twenty-one days after the first publication of the notice required in section 3767 of the Political Code, providing that the tax-sale "must not be less than twenty-one nor more than twenty-eight days from the time of the first publication" of the notice required thereby, were a sufficient compliance with the statute in each case.

APPEAL from an order of the Superior Court of Fresno County denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

A. M. Drew, and J. R. Webb, for Appellant.

Stanton L. Carter, and Carter & Carter, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order denying plaintiff's motion for a new trial in an action brought to quiet his title to a parcel of land in Fresno County, being, as described in the complaint, the northwest quarter of section 23, township 16 south, range 15 east, Mount Diablo base and meridian. The judgment was in favor of defendant, decreeing that defendant was the owner in fee of all of said land, and that plaintiff has no interest therein.

It was stipulated on the trial that plaintiff was the owner of said property, except in so far as his title thereto had been divested by certain purported sales and conveyances of the same to the state of California by the tax-collector of Fresno County for delinquent taxes, and that if the state had acquired the title by reason of said sales and conveyances, the same had since vested by mesne conveyances in defendant.

The case was thus made to depend upon the validity of two purported conveyances by the tax-collector of Fresno County to the state of California, one claimed to be for the W. ½ of said N. W. ¼, and the other claimed to be for the E. ½ of said N. W. ¼. These conveyances were received in evidence over the objection of plaintiff and, except for the stipulation already referred to, constituted all of the evidence given on the trial. If valid, these deeds constituted primary evidence of the regularity of the assessment upon which they were founded, equalization as required by law, levy of tax in accordance with law, non-payment of tax, regular sales for such non-payment, non-redemption from such sales, and that the person who executed the deed was the proper officer (Pol. Code, sec. 3786), and conclusive evidence of the regularity of all other proceedings, and conveyed to the state the absolute title to the property described therein. (Pol. Code, sec. 3787.)

The principal objection by plaintiff to these deeds is that they do not sufficiently describe the property attempted to be conveyed.

As to the deed of the E. ½ of said N. W. ¼ this objection does not appear to be insisted upon in the briefs. The description was: "lying and being within said county of Fresno, state of California, and described thus: E. 2 of N. W. 4 sec. 23, twp. 16 S. R., 15 E." Our courts take judicial notice of government surveys of the public lands (*Rogers* v. *Cady*, 104 Cal. 288, 291, [43 Am. St. Rep. 100, 38 Pac. 81]), and also

that the meridian of Mt. Diablo is the only meridian for the townships and ranges in the county named in the description, Fresno County. (*Harrington* v. *Goldsmith*, 136 Cal. 168, [68 Pac. 594]; *Bank of Lemoore* v. *Fulgham*, 151 Cal. 238, [90 Pac. 936].) The description set forth in this deed was plainly one by government subdivision. "E. 2" and "N. W. 4" plainly meant "East one half" and "Northwest one quarter," and the other abbreviations were abbreviations in common use susceptible of but one meaning. Thus we have clearly designated the east one half of the parcel described in the complaint.

The description in the deed of the west one half is somewhat more meager, but under the circumstances we think sufficient. It was "situate, lying and being within the said county of Fresno, state of California, and described thus W. ½ of N. W. ¼ of sec. 23-16-15." If this denotes a description by government subdivision it is clearly sufficient. We know that it is an invariable rule to immediately follow the number of the section with the description of the township, and the description of the township with the description of the range. As said in regard to the former description, we must take judicial notice that the meridian of Mt. Diablo is the only meridian for townships and ranges in Fresno County. It is not denied by plaintiff that in Fresno County all townships are "south" and all ranges "east" of Mt. Diablo base and meridian. If that be the fact, we must likewise take judicial notice thereof. If it can be held that "16" denotes the township and "15" the range we would thus have a sufficient description. We are of the opinion that the description can reasonably be taken in no other way than as one by government subdivision, and that the terms "16" and "15" clearly indicate respectively township and range. A case in point is that of *McChesney* v. *City of Chicago*, 173 Ill. 75, [50 N. E. 191], involving the question of the sufficiency of a description in an assessment proceeding, exactly like the one under consideration. It was "sec. 23, 38, 14." The claim was that it could not be told what the figures "38, 14" mean or refer to. The court said: "There can be no doubt that the abbreviation 'sec.' means 'section.' This being so, the figures which follow the designation of the section clearly refer to the township and range, as if the word 'township' was inserted before '38,' and the word 'range' before '14.' The court will take judicial notice of the meaning of such

abbreviations as are here used." While we are not to be understood as commending such strenuous efforts at abbreviations in description as were apparently made in this matter, we believe that the description sufficiently identified the property and that the deed cannot be held ineffectual on the ground of want of proper description. The cases cited by learned counsel for plaintiff are not in point, for, as we view the description, it was, in the light of facts of which the courts must take judicial notice, certain and definite and sufficient in itself to identify the land.

It is claimed that the certificates of sale to the state specified the wrong date on which the state would be entitled to a deed, section 3776 of the Political Code prescribing that such certificate shall specify, among other things, when the state will be entitled to a deed, and that the deeds to the state failed to state the correct time when the right of redemption had expired as required by section 3785 of the Political Code. The certificate as to the W. ½ of the N. W. ¼ as recited in the deed, stated the day of sale, June 24, 1898, and that unless the property was redeemed within five years from the date of sale the purchaser would be entitled to a deed thereof on the twenty-fourth day of June, 1903. The deed recited that the time for redeeming said property expired on the twenty-fourth day of June, 1903. It is conceded by counsel for defendant that the date when the purchaser would be entitled to a deed was incorrectly stated by one day in the certificate. So assuming, the error in the certificate in this regard was cured by the Curative Act thereafter enacted. (Stats. 1903, p. 63. See *Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, 239, [90 Pac. 936]; *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352].) The recital in the deed made June 25, 1903, which was subsequent to the enactment of the Curative Act, was correct. June 24, 1903, was certainly the last day on which redemption could be effected within five years from the date of sale. While in the matter of the certificate and deed of the E. ½ of the N. W. ¼ the dates are different, the difference is not such as to affect the question and what we have said in regard to the other deed is equally applicable.

We do not think that it is established by allegations of the complaint undenied by the answer that the first installment of taxes for the year 1898 on the E. ½ of said N. W. ¼ was paid

or that the sale by the tax-collector was for the second install-
ment only. The record shows no evidence or stipulation to this
effect. Hence it cannot be held that it has been shown that
there was any error in the deed in its statement regarding non-
payment of the taxes.

Both deeds sufficiently recite that the property was sold for
delinquent taxes.

Section 3767 of the Political Code provides that the tax-sale
"must not be less than twenty-one nor more than twenty-eight
days from the time of the first publication" of the notice re-
quired thereby. In the case of the W. ½ of such N. W. ¼, the
first publication was on June 3, 1898, and the day fixed in the
notice for the sale was June 24, 1898, the sale being made at
that time. So, in the case of the E. ½, the first publication was
on June 3, 1899, and the day fixed for the sale June 24, 1899.
This was a sufficient compliance with the statute in each case.
(*Bank of Lemoore* v. *Fulgham*, 151 Cal. 238, [90 Pac. 936].)

There is no other point requiring notice.

The order denying a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.