[L. A. No. 2675. In Bank.—June 29, 1912.]

JACKSON DEETS, Respondent, v. J. W. HALL, Appellant.

TAXATION — RULE OF STRICT CONSTRUCTION — APPLICABILITY TO TAX LEVY.—The rule of strict construction in tax matters, in so far as it is applicable to the determination of the validity of a tax levy, only means that the validity of the levy must be determined from a consideration of the language of the board of supervisors used in making it without resort to extraneous evidence to prove its intention.

ID.—CONSTRUCTION OF ORDER FOR LEVY OF TAXES—CLERICAL ERRORS TO BE DISREGARDED—INTENTION DETERMINED BY CONSIDERATION OF ENTIRE ORDER.—Where the validity of a tax levy is attacked for the alleged reasons that the tax rate fixed by the order was uncertain, and that a portion of the taxes levied was not levied for any specific purpose and was not apportioned to any particular fund, the intention of the board in such respects is to be ascertained

from a consideration and construction of the entire order for the levy, and errors which clearly appear to be merely clerical are to be disregarded.

ID.—TAX DEED TO STATE—RECITALS—EXPIRATION OF PERIOD OF REDEMPTION—ERROR OF ONE DAY IN FIXING DATE.—Under section 3785 of the Political Code, requiring a tax deed to the state to recite "the time when the right of redemption had expired," a deed is not invalid by reason of reciting that the time of redemption expired on a specified date which was one day after the last day of the redemption period.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

George H. Moore, for Appellant.

O. B. Carter, F. A. Knight, and Carter, Kirby & Henderson, for Respondent.

LORIGAN, J.—This is an action to quiet title to two lots in the city of Long Beach, Los Angeles County. Plaintiff had judgment and defendant appealed from it and from an order denying his motion for a new trial.

The judgment was affirmed by the district court of appeal for the second appellate district and subsequently a further hearing was granted in this court.

Against the ownership of plaintiff defendant asserted title to the property under two tax deeds to him from the state. It was stipulated on the trial that plaintiff was the owner of the lots unless defendant could sustain title thereto "under and by virtue of tax proceedings, sales and tax deeds upon which he relied." The judgment in favor of the plaintiff was based upon the conclusion of the trial court that the tax deeds upon which defendant relied were void. In support of the judgment and order and against the attack made on them by the appellant, it is insisted by respondent that the tax deeds from the state upon which appellant relied are invalid for two reasons. First, it is claimed that in the tax levy for the year 1902 upon which the sales to the state of the two lots in payment for taxes was based, a portion of

the taxes levied (to wit, five cents on the hundred dollars) was not levied for any specific purpose and was not apportioned to any particular fund; hence, it is claimed that that portion of the tax was illegal and the whole levy void and the sales and deeds made thereunder invalid. Second, and independent of this, that the tax deeds to the state are void upon their face because they do not recite as required by law the correct date when the period of redemption expired.

As to the first point. The Political Code requires the board of supervisors to levy the state and county rate upon the taxable property of the county "designating the number of cents on each one hundred dollars of property levied for each fund." (Sec. 3714.) The claim of respondent is that this was not done; that as to five cents on the hundred dollars levied by the board it was not levied for any specific fund. While there is some slight ground for this claim, it will be found on a fair examination of the face of the levy itself, particularly when taken in consideration with the estimate of the auditor to which it refers, that it is based upon a clerical error occurring in one instance in the levy with reference to the rate fixed to provide sixty thousand dollars for the Temple Street Jail Fund. The report of the county auditor filed with the board pursuant to section 3737 of the Political Code contained an estimate of the amount of money necessary to be raised by taxes for the support of the county government for the fiscal year 1902-3. It designated the twelve separate funds of the county, among which was the Temple Street Jail Fund, and specified the amount necessary for each particular fund and the special rate to be levied to procure the particular amount for each fund. The aggregate amount to be raised for the funds was totalled in the column as $886,035, and the aggregate tax rate to produce it .8180, the net valuation of the taxable property in the county being estimated at $112,276,055. The report set forth that as to one of the twelve funds—the Temple Street Jail Fund—it was necessary to raise sixty thousand dollars, and the rate on each one hundred dollars of taxable property necessary to produce that amount was designated at .0535. The board of supervisors, in the preamble to their order fixing the tax levy, adopted this report of the county auditor specifying the different funds, amounts required, and par-

ticular rates under which the amounts were to be raised exactly as contained in the estimate of the auditor. The order of the board then proceeded to fix the general tax rate for county purposes at .8180, being the aggregate of the special fund rates as reported by the auditor and mentioned in the preamble, with a further rate of .60 for road purposes and the state tax of .3820. It then declared that the said .8180 cents levied for county purposes should be apportioned to the funds setting them forth in columns with respect to names, amounts, and special rates just as they appeared in the estimate of the auditor as that estimate had been in effect adopted by the board with the exception that the rate for the Temple Street Jail Fund was specified therein at .0035 instead of .0535 on the one hundred dollars of assessable property. It is from this that respondent claims that five cents on each one hundred dollars of the taxable property of the county was not levied for any special purpose or appropriated to any specific fund. It is quite clear, however, that this insertion of .0035 as the special rate for the Temple Street Jail Fund found in this apportionment column instead of .0535 was clearly a clerical error and is apparent from a consideration of the various amounts contained in the order of the board itself where this error is contained. In the preamble to the order for the tax levy the board recited it appears that .0535 was the rate necessary to be fixed to raise the amount required for the Temple Street Jail Fund. That special rate, with the other special rates fixed to supply the amounts for the other funds and concerning the accuracy of which there is no question makes up exactly the total rate of .8180 fixed for county purposes. This column of special rates in which the rate of .0035 is inserted is totalled on the face of the order itself as amounting to .8180 which is exactly the aggregate rate fixed for county purposes. This, of itself, shows that the insertion of this lower rate was a clerical error, because a correct addition of the various rates, with the rate for the Temple Street Jail Fund at .0035, would make the county tax rate .7680 instead of .8180, with the result that this rate of .7680 applied to the assessed valuation of the property of the county would produce only $862,280 for county purposes while it is clearly apparent all through the recitals in the order that $886,035 was required, which

amount would be procured with the rate fixed at .8180. Supplementing this with the further fact that it equally appears all through that sixty thousand dollars was required for the Temple Street Jail Fund, and that .0535 would produce that amount and .0035 would produce but a little over three thousand nine hundred dollars, we have additional confirmation that the insertion of the lower rate was purely a clerical error. Counsel for appellant seem to have had no difficulty in discovering on the face of the order for the levy just where this error arose, but contends that the error is fatal to the levy; that the rule of strict construction in tax matters applies. But in so far as the rule is applicable here it only means that the validity of the levy must be determined from a consideration of the language of the board used in making it without resort to extraneous evidence to prove its intention. Here, however, there is no resort to extraneous evidence. The intention of the board is derived solely from a consideration of the order itself making the levy. It clearly appears therefrom as we have pointed out that the intention of the board was to levy for the Temple Street Jail Fund .0535 on the one hundred dollars of taxable property in the county and that the insertion of .0053 in one of the columns of rates for that particular fund was clearly a clerical mistake. There is no question in this case but that the board had the power to levy a rate of .0535 to procure that fund. The only question is was this evidently its intention. We are satisfied that there can be no doubt on that point when the actual order is considered, and this being true the intention must prevail, the error disregarded and the validity of the levy sustained as properly made in compliance with section 3714 of the Political Code. In this same connection it is insisted by respondent that the levy is further void because the county tax rate is referred to in the order of the board as sometimes .8180 and .8120. But it is equally clear that as with the rate for the Temple Street Jail Fund, this is also a clerical mistake. The rate of .8180 is the rate in the preamble of the order of the board containing the estimate of the auditor necessary to produce the total amount of $886,035 required for the various funds, is the actual footing as made by the auditor in his report of the aggregate of the various rates necessary to provide the amount for the funds as it is

also in the column where the error as to the Temple Street Jail Fund appears, and in the final summarization of the rates that amount of .8180 is fixed as the county rate which, with the state rate of .3820 and the general and special rate tax of sixty cents makes the total tax declared to be levied and stated in the order at $1.80.

The attack on the levy was not considered in the opinion of the district court of appeal, that court holding the deeds invalid on the other ground of attack made on them by respondent,—namely, that the date on which the period of redemption expired was not correctly stated in the deeds to the state.

These deeds contained the recital ''And whereas, the certificate of sale stated that unless the said real estate was redeemed within five years from the date of sale to the state, the purchaser thereof would be entitled to a deed therefor on the 2nd day of July, 1908; that said certificate of sale bears the date of the first day of July, 1903, the day of said sale; and whereas, the time, to wit: five years for redeeming said property expired on the 2nd day of July, 1908, and the same had not been redeemed or any part thereof,'' etc.

Section 3785 of the Political Code prescribes what recitals should be contained in deeds from the tax-collector to the state and, among other matters, requires that there shall be recited therein ''the time when the right of redemption had expired.'' It was held by the district court of appeals that as the sales to the state were made on July 1, 1903, and the redemption expired with the last minute of July 1, 1908, the deeds made to the state should have recited this latter date as the time when the right of redemption expired, and having incorrectly stated that time as on July 2, 1908, the deeds were void. Respondent on the hearing here insists that this view is correct, reliance being placed on *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352], and *Stanton* v. *Hotchkiss,* 157 Cal. 652, [108 Pac. 864], the same cases referred to in the opinion of the district court of appeal in support of its determination.

*Baird* v. *Monroe* did not decide any question as to whether a date given in the deed there was correctly stated or not. There the deed contained no recital of any date at all and

whether it was void on that ground the court was not called on to decide and did not decide as it sustained the validity of the deed under the Curative Act of 1903.

In *Stanton* v. *Hotchkiss* the deed recited the date of sale as June 24, 1898, and that the time of redemption expired on June 24, 1903. The deed to the state was made June 25, 1903. One point made on the appeal there was that the date when redemption had expired was not correctly recited and that the date recited should have been June 25th. In sustaining the validity of the deed this court said: "The recital in the deed made June 25, 1903, . . . was correct. June 24, 1903, was certainly the last day on which redemption could be effected within five years from the date of sale." In that case the validity of the deed was sustained. It was not held, however, that the recital of any other date as the time when the right of redemption had expired would have been incorrect.

And it by no means follows that because of the decision in *Stanton* v. *Hotchkiss,* the date named in the deed in the present case is erroneous. All that the statute requires is a declaration of the time when the right of redemption had expired. As pointed out in *Baird* v. *Monroe,* 150 Cal. 560, [89 Pac. 352], this requirement is of no possible value to the .property owner and the requirement of the statute was fully complied with by the date designated in this instance in the deeds in question which was perfectly correct in that it named a date after the redemption had in fact expired.

The judgment and order appealed from are reversed.

Henshaw, J., and Melvin, J., concurred.

SHAW, J., concurring: I concur on the ground that the expiration of the redemption period was at the infinitely small space of time between the two days and that, therefore, the naming of either the last day of the period or the first day of the time succeeding it will be good, under the peculiar wording of the statute. I do not say that the recital of any later or earlier day would be sufficiently accurate to make the deed valid.

Angelloti, J., and Sloss, J., concurred.

Rehearing denied.