[Civ. No. 454. Fourth Appellate District.—October 28, 1931.]

WILLIAM F. BOXWELL, Respondent, v. FRANK F. SYLVIA et al., Defendants; PORTER C. BLACKBURN, Appellant.

Porter C. Blackburn, *in pro. per.*, for Appellant.

Frank Birkhauser for Respondent.

MARKS, J.—Respondent commenced his action to quiet title to an undivided one-half interest in lands in Imperial County, California, against the defendants and appellant. The defendants B. M. Davis, sued in the action as Robert Davis, and Annabell Davis appeared and answered. The defaults of all of the other defendants were entered, personal service of the summons and complaint being had upon

appellant. The answers of B. M. Davis and Annabell Davis were, before trial, stricken from the record with their consent and their defaults were also entered. Upon evidence taken the court entered judgment in favor of respondent quieting his title to an undivided one-half interest in the land in controversy against all of the defendants and appellant. From this judgment appellant has taken this appeal.

Appellant seeks a reversal of the judgment in the court below on the ground that the complaint fails to state a cause of action. He points out that under certain of the allegations of the complaint respondent bases his title to his interest in the property in question upon a tax deed, in which the property in controversy is described as follows:

"That certain real property hereinbefore referred to, situate in the County of Imperial, State of California, more particularly described as follows, to wit: Und. ½ int.–Lot 8–sub. of Tract 77–13–14–"

He maintains that this description is so vague and uncertain that no interest in the property was conveyed to respondent by the deed.

The description which we have quoted is quite similar to that involved in the case of *Stanton* v. *Hotchkiss,* 157 Cal. 652 [108 Pac. 864], where the Supreme Court held that it was sufficient to convey title. However, we may assume, but not hold, that the contention of appellant is correct and that the description in the tax deed is void for uncertainty, and still we find that we must affirm the judgment.

The record contains a certificate of sale of the Imperial Irrigation District for unpaid assessments for the year 1925, which certificate bears date September 8, 1926. It is alleged in the complaint that in addition to the tax deed which we have referred to, respondent claims and deraigns his title through this certificate of sale as well as a second certificate of sale by the Imperial Irrigation District dated the eighth day of September, 1927. In the earlier certificate the property is described as "situate, lying and being in the said Imperial Irrigation District, in the County of Imperial, State of California, and more particularly described as follows: Lot 8, Tract 77, Township 13 South, Range 14 East, S. B. M. (as per map on file in County Recorder's office), containing 25.25 acres". There is no question but that this description

is sufficient to convey the title of the property to the grantee under a deed from the Imperial Irrigation District.

The case comes before us on the judgment-roll alone. We must, therefore, assume that all necessary and proper evidence was introduced and received in the trial court to sustain its judgment. Under this rule we must assume that the respondent introduced in evidence a good and sufficient deed from the Imperial Irrigation District conveying the title to the property described in the certificate of tax sale, to him.

Sections 43 to 48, inclusive, of "The California Irrigation District Act", approved March 31, 1897, Statutes 1897, page 254, and the acts amendatory thereof, provide for the sale of property for delinquent irrigation district taxes. It is provided that the collector of the district must sell property for unpaid assessments and costs and issue a certificate of sale to the purchaser. It is further provided that a redemption of the property sold may be made within three years from the date of the sale, for delinquent assessments, or at any time before a deed has been made and delivered by the district to a purchaser. It is further provided that if the property be not redeemed within such period of three years, the district must, upon demand, make a deed conveying the property to the purchaser or his assignee.

The complaint in this action was filed on February 21, 1930, three years, five months and thirteen days after the date of the first certificate of sale. We must therefore presume that a good and sufficient deed was executed and delivered to respondent by the Imperial Irrigation District conveying the property described in the first certificate of sale to him before February 21, 1930. Section 48 of "The California Irrigation District Act" makes such deed *prima facie* evidence of the regularity of the assessment, sale and conveyance of the property to the grantee named therein. Such deed would therefore be sufficient to support the judgment of the trial court in favor of respondent. This appeal being upon the judgment-roll alone, we must presume that such deed was introduced in evidence.

As more than six months have elapsed since the default of appellant was entered in the court below, without any steps having been taken by him to be relieved from such default, it would seem a useless act to reverse the judgment

against him. (*Title Ins. Co.* v. *King,* 162 Cal. 44 [120 Pac. 1066].)

Judgment affirmed.

Jennings, Acting P. J., and Allison, J., *pro tem.,* concurred.