(No. 7100. October 4, 1943.)

JAMES S. BOGART, Respondent, v. C. C. BAGLEY and ANNA J. BAGLEY, husband and wife, Appellants.

[141 Pac. (2d) 975.]

Cleve Groome for appellants.

Walter Griffiths for respondent.

HOLDEN, C.J.—September 14, 1926, B. L. Newell and Minnie E. Newell, husband and wife, conveyed certain real property located in the town of Caldwell, Canyon County, Idaho, to James W. Ramsey. The property so conveyed was, and is, also located in the Pioneer Irrigation District of that county. January 1, 1931, the treasurer executed a tax deed to the property to the district.

October 2, 1934, Ramsey executed and delivered his promissory note in the sum of $137.00, with interest thereon at the rate of 8% per annum, to respondent James S. Bogart,

and at the same time, and as a part of the same transaction, for the purpose of securing the payment of the note, executed and delivered a real estate mortgage covering the real property so conveyed by Newell to Ramsey, to secure the payment of the note, together with interest, the said real estate mortgage being shortly thereafter duly recorded in the office of the County Recorder of Canyon County, Idaho.

June 15, 1937, Ramsey executed a deed to the property to Anna J. Bagley, wife of C. C. Bagley. November 2, 1937, the district conveyed the property to appellant, C. C. Bagley, by deed, duly and regularly acknowledged.

September 29, 1941, no part of the principal of the mortgage or the interest thereon having been paid, a complaint in foreclosure was filed in the District Court of Canyon County by James S. Bogart against C. C. Bagley and Anna J. Bagley. In his complaint in foreclosure respondent Bogart alleged, among other things:

"That at the time of the execution of said note and mortgage, the said James W. Ramsey was the owner of the said real estate described in said mortgage."

And that: "the said James W. Ramsey conveyed the said real estate described in said mortgage, subject to the said note and mortgage, to Anna J. Bagley."

In their answer, defendants and appellants admitted Ramsey conveyed the real property described in the mortgage to Anna J. Bagley, but denied: "that said conveyance was made while the alleged note and mortgage were still outstanding and unpaid, and denies that the said conveyance was subject to said note and mortgage, or either of them, and on the other hand allege the facts to be, that the said James Ramsey was not the owner of the said real estate at the time such conveyance, or mortgage, or at the time that either the said conveyance or mortgage was made, and that the said James Ramsey had no interest in said real estate which could be conveyed by him to the said Anna J. Bagley, or which could be mortgaged by him to the plaintiff (respondent Bogart) herein, and that the said James Ramsey at the time of the making of the said mortgage above mentioned, or the making of said deed, and at any time since that date, has not been the owner of the said premises described in said mortgage, or any part thereof."

By a further and separate affirmative answer and defense to the complaint, defendants and appellants alleged, among

other things, that November 2, 1937, the district executed and delivered to appellant C. C. Bagley, a tax deed to the property.

■ October 16, 1942, the cause was tried by the court, sitting without a jury. Upon the trial appellants offered in evidence the above mentioned tax deed from the treasurer to the district, which was admitted by the court, without objection on the part of respondent. Appellants also offered, and the court admitted in evidence, without objection, the deed from the district to appellant, C. C. Bagley. Respondent did not attack either in his complaint, or upon the trial, the validity, sufficiency or regularity of either deed. Nor did respondent offer in evidence the alleged deed from Ramsey to appellant Anna J. Bagley, nor did he offer or submit any proof that Ramsey conveyed the property in question to appellant Anna J. Bagley, subject to the mortgage, as he alleged.

January 29, 1943, findings of fact and conclusions of law were made and filed and a decree of foreclosure and order of sale entered thereon, from which decree an appeal was prosecuted to this court.

■ At the common law, where, as here, tax deeds were relied upon to establish title to real property, the burden of proof rested upon the purchaser to sustain the tax deed, or tax deeds. (61 C.J., p. 1380, par. 1956.) But the common law rule was abrogated in this state by the enactment of sec. 42-719, I.C.A., which provides:

"[42-719.] Tax deed as evidence.—Such deed duly acknowledged and proved, is prima facie evidence of the regularity of all other proceedings, from the assessment by the secretary inclusive, up to the execution of the deed."

The effect of this statute was to change the order of proof, and to cast the burden upon respondent to affirmatively prove such irregularities or defects in prior proceedings as would overcome the *prima facie* case made by the tax deeds (61 C.J., supra).

Sec. 61-1031, I.C.A. (formerly sec. 1765, R.C.), applicable to tax deeds executed by a county, like sec. 42-719, supra (applicable to tax deeds executed by an irrigation district), provides that a deed from a county "duly acknowledged and proved is prima facie evidence of the regularity of all other proceedings" prior to the execution of the deed by the county.

This court construed sec. 1765, R.C., in *Armstrong v. Jarron*, 21 Ida. 747, 772, and, in harmony with the general rule, held:

"That where a tax deed is introduced in evidence it is *prima facie* evidence of title, and it is incumbent upon the person attacking the tax title to prove the omission of some jurisdictional act or step which renders the tax title void."

It follows from what has been said the judgment must be reversed and the cause remanded with directions to the trial court to grant a new trial, and it is so ordered, with costs to appellants.

Ailshie, Givens and Dunlap, JJ., concur.

Budge, J., did not sit at the hearing nor participate in the decision.